## In re QUINLAN'S ESTATE.

(Surrogate's Court, New York County.   April 11, 1916.)

EXECUTORS AND ADMINISTRATORS ⬤⟳32(1)—REVOCATION OF LETTERS—GROUNDS.

Under Code Civ. Proc. § 2569, subd. 4, authorizing the revocation of letters of administration obtained by a false suggestion of a material fact, the failure of an administratrix to insert in her petition for letters the exact value of the estate was not sufficient reason for revoking the letters, as the false statement must be material, and the actual value of the estate is not a material or necessary allegation in a petition for letters of administration, especially as, at the time of the application, it is usually impossible for the petitioner to know the actual value of the estate, and it is not essential to the granting of letters that she should know it.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 191–200; Dec. Dig. ⬤⟳32(1).]

In the matter of the estate of Maurice Quinlan.  On application for revocation of letters of administration.  Application denied.

James F. Swanick, of New York City, for petitioner.

Gilbert, Lauterstein & Gilbert, of New York City (Francis Gilbert, of New York City, of counsel), for administratrix.

FOWLER, S.  This is an application for revocation of letters of administration heretofore granted by this court to Mary Quinlan, widow of the intestate.  The application is made by a person who claims to be a creditor of the estate.

The allegations in regard to the failure of the administratrix to pay the petitioner's claim or to advertise for claims are so clearly insufficient in view of the fact that letters of administration were only granted in November last, that I will dismiss them without further consideration.

There remains the allegation that the administratrix, in her petition for letters of administration, stated that the value of the estate did not exceed $150.  Subdivision 4 of section 2569 of the Code provides that letters may be revoked "where the grant of letters  *  *  *  was obtained by a false suggestion of a material fact."  The affidavit submitted by the petitioner does not prove to the satisfaction of the court that the value of the estate exceeds $150; but, even if it did, the failure of the administratrix to insert in her petition the exact value of the estate would not be a sufficient reason for the revocation of her letters.

To warrant the court in revoking letters for a false statement in the petition upon which they were granted, it must appear, not only that the statement was false, but that it was a statement of a material fact. The actual value of an estate is not a material or necessary allegation in a petition for letters of administration.  At the time the application for letters of administration is made it is usually impossible for the petitioner to know the actual amount or value of the estate, and it is not an essential requisite to the granting of letters of administration that the petitioner should know it.

The application for the revocation of letters of administration is denied.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes